10-221-cv
Schwab v. Smalls

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of July, two thousand eleven.

PRESENT:

> DENNIS JACOBS,
> > *Chief Judge*,
> GUIDO CALABRESI,
> ROBERT D. SACK,
> > *Circuit Judges*.

-------------------------------------

MARILYN SCHWAB,

> *Plaintiff-Appellant*,

- v -                                                        No. 10-221-cv

ROBERT SMALLS, individually, ROBERT L. CHAKAR JR., individually, SONJA BROWN, individually, GREENBURGH CENTRAL SCHOOL DISTRICT NO. 7,

> *Defendants-Appellees*.

-------------------------------------

| Appearing for Appellant: | Drita Nicaj, Lovett & Bellantoni, LLP, Hawthorne, New York. |

Appearing for Appellees: Lewis R. Silverman, Rutherford & Christie, LLP, New York, New York.

Appeal from a December 18, 2009, judgment of the United States District Court for the Southern District of New York (Robinson, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED IN PART and VACATED AND REMANDED IN PART.

Plaintiff-appellant Marilyn Schwab appeals from the district court's order granting judgment on the pleadings to all defendants and dismissing, without prejudice, Schwab's complaint brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1985.[1] Schwab's complaint alleges that the individual defendants-appellees -- Robert Smalls, Robert L. Chakar Jr., and Sonja Brown -- conspired to and did discriminate against the plaintiff on the basis of her race,[2] in violation of her right to equal protection under the Fourteenth Amendment to the United States Constitution.

We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal, which we repeat here only insofar as we think necessary to understand our resolution of this appeal.

From 1997 to 2008, Schwab, who is white, worked part-time at Woodlands High School as the Youth Employment Services ("YES") Coordinator for the defendant Greenburgh Central School District No. 7 (the "District"). Schwab asserts that between June and October of 2008, Smalls, the District Superintendent of Schools (who is African-American), and Chakar, the

---

[1] In proceedings before the district court, Schwab withdrew her claim under § 1985 and a New York state-law claim. *See* J.A. 26 n.2. She has not appealed from the district court's dismissal of her § 1981 claim. *See* J.A. 28; Appellant's Br. 2 n.2.

[2] Schwab's complaint also alleges discrimination on the basis of religion and age, but she withdrew her religious discrimination claim and abandoned her age discrimination claim in briefing before the district court. *See* J.A. 25 n.1.

principal of Woodlands High School (whom the plaintiff terms "Arab-Lebanese," J.A. 6), "coerce[d] her [into] involuntary retirement," J.A. 8, by demanding that she provide a report regarding the students' success securing employment, which data Smalls knew Schwab had never been asked to collect or report. In essence, Schwab alleges that Smalls's and Chakar's demands for the data were a pretext for racial discrimination against her. When Schwab failed to provide a report meeting Smalls's professed expectations, he declined to recommend her reappointment for the 2008-09 school year and named defendant Brown (who is African-American) as Schwab's replacement.

"We review *de novo* a district court's decision to grant a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c)." *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). "In deciding a Rule 12(c) motion, we 'employ the same standard applicable to dismissals pursuant to Fed. R. Civ. P. 12(b)(6).'" *Id.* (quoting *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009) (per curiam)) (brackets omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Th[is] plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Nevertheless, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks omitted).

3

Here, the district court analyzed Schwab's complaint under the three-part burden-shifting standard articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), concluding that because the plaintiff had not "alleged facts giving rise to an inference of [the defendants'] discriminatory intent," J.A. 30, she had not met her burden of pleading a plausible claim "that any of the [i]ndividual [d]efendants acted unlawfully," *id.* at 32.

In *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), the Supreme Court interpreted the *McDonnell Douglas* standard to be "an evidentiary standard, not a pleading requirement," *id.* at 510; *see generally id.* The teaching of *Swierkiewicz*, then, is that a plaintiff alleging employment discrimination need not plead facts establishing a plausible prima facie case of discrimination to survive a motion to dismiss.

Questions have been raised, however, as to *Swierkiewicz*'s continued viability in light of *Twombly* and *Iqbal*. *Compare Boykin v. KeyCorp*, 521 F.3d 202, 212-13 (2d Cir. 2008) (pre-*Iqbal* case concluding that *Twombly* "affirmed the vitality" of *Swierkiewicz*), *and Al-Kidd v. Ashcroft*, 580 F.3d 949, 974 (9th Cir. 2009) (stating that *Twombly* "reaffirmed" *Swierkiewicz*'s "reject[ion of] a fact pleading requirement for Title VII employment discrimination"), *rev'd on other grounds sub nom. Ashcroft v. Al-Kidd*, 131 S. Ct. 2074 (2011), *with Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) *(Swierkiewicz* "has been repudiated by both *Twombly* and *Iqbal* . . . at least insofar as [*Swierkiewicz*] concerns pleading requirements and relies on *Conley* [*v. Gibson*, 355 U.S. 41 (1957)].").

We need not address these questions, however, because we conclude that Schwab's complaint alleges facts sufficient to state a claim of employment discrimination against defendants Smalls and Chakar under both the *Swierkiewicz* standard and the more demanding

4

*McDonnell Douglas*-based approach adopted by the district court. The plaintiff's complaint alleges that (1) she is white and Smalls and Chakar are African-American and "Arab-Lebanese," respectively; (2) she held her position without incident for many years; and (3) her employment was terminated after Smalls refused to recommend her reappointment; and (4) the circumstances of her termination are suggestive of discrimination. With regard to the fourth point -- the final element of a prima facie case of discrimination under *McDonnell Douglas* and the only element that the defendants contest for the purposes of this appeal -- the complaint provides the approximate date and substance of the defendants' meeting at which they agreed to their "plan"; alleges that their aim was to force Schwab out of her position so that they could appoint a less qualified African-American woman in her place; and details the allegedly pretextual requests for data that Schwab had never been asked or required to maintain. We think this satisfies Schwab's burden at this early stage of the litigation under either of the two arguably applicable pleading standards.

Inasmuch as the complaint does not plead any specific facts with regard to defendant Sonja Brown's alleged involvement in the plan to discriminate, we affirm the district court's dismissal of the claims against her.

Finally, we affirm the dismissal of Schwab's claim against the District. Schwab has not alleged that any of the defendants acted pursuant to a city policy or practice, as required to make out a claim of municipal liability under section 1983. *See Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 128 (2d Cir. 2004) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). And despite a vague assertion that "Smalls manifestly had the final discretionary decision making authority" with regard to whether to recommend Schwab's reappointment for the 2008-09 school year, she has not adequately alleged that any of the

individual defendants had "final authority to establish municipal policy with respect to" the hiring and firing of District employees. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986).

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED IN PART and VACATED AND REMANDED IN PART**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK